IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

LISA KLEINSCHMIT,

        Plaintiff,

    v.

MICHAEL ASTRUE,
Commissioner of Social Security

        Defendant.

No. CV 06-6332-MO

OPINION & ORDER

**MOSMAN, J.,**

    Plaintiff Lisa Kleinschmit seeks judicial review of the Social Security Commissioner's final decision denying her application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("Act"). This court has jurisdiction under 42 U.S.C. §§ 405(g) and 1383©). Because I find the ALJ improperly disregarded the medical evidence, the Commissioner's final decision is REVERSED, and the case is REMANDED for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

PAGE 1 - OPINION AND ORDER

## BACKGROUND

Ms. Kleinschmit filed for SSI on March 26, 2001, when she was eighteen years old, alleging multiple impairments affecting her hips, elbow, back, and knees. (Admin. R. 77.) Her application was denied initially and upon reconsideration. (Admin. R. 25-31, 34-38). The Administrative Law Judge ("ALJ") held a hearing on October 17, 2003. (Admin. R. 207-28.) On December 12, 2003, the ALJ found Ms. Kleinschmit not disabled. (Admin. R. 16-21.) The Appeals Council denied Ms. Kleinschmit's request for review. (Admin. R. 5-8.) Ms. Kleinschmit then appealed the decision of the Appeals Council to this Court. On March 20, 2006, Judge Ann Aiken issued an order, based on the stipulation of the parties, reversing and remanding the case. The order directed the Commissioner to consider new evidence and reevaluate several substantive issues, including the opinions of Ms. Kleinschmit's physicians, Dr. Aiona and Dr. Kherli, and Ms. Kleinschmit's credibility and residual functional capacity ("RFC"). (Admin. R. 246-47.) On April 13, 2006, the Appeals Council vacated the previous final hearing decision and remanded the case to an ALJ for further proceedings consistent with the order of the district court. (Admin. R. 248-49.) After a hearing August 3, 2006, the ALJ again found Ms. Kleinschmit was not entitled to SSI. (Admin. R. 237-45.) The Appeals Council denied Ms. Kleinschmit's request for review. (Admin. R. 229-31.) This appeal followed.

## STANDARD OF REVIEW

The reviewing court must affirm the Commissioner's decision if the Commissioner applied proper legal standards and the findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). This court must weigh "both the evidence that supports and detracts from the ALJ's

conclusion." *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989) (citing *Martinez v. Heckler*, 807 F.2d. 771, 772 (9th Cir. 1986)).  The reviewing court "may not substitute its judgment for that of the Commissioner." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).  Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is a rational reading. *Magallanes*, 881 at 750; *see also Batson*, 359 F.3d at 1193.

## THE ALJ'S FINDINGS

The ALJ applied the five-step disability determination process set forth in 20 C.F.R. §§ 404.1520 and 416.920.  Ms. Kleinschmit argues the ALJ erred in formulating her RFC and in determining whether she is capable of performing work in the national economy.  The ALJ found that Ms. Kleinschmit's severe impairments include right hip epiphyseal dysplasia, chronic left hip muscle strain, left elbow deformity, and lumbar spine lordosis. (Admin. R. 239.)  The ALJ also acknowledged that Ms. Kleinschmit had experienced problems with her right knee, but concluded that this impairment was non-severe. (Admin. R. 240.)  The ALJ evaluated Ms. Kleinschmit's RFC: "[T]he claimant has the residual functional capacity to perform modified sedentary to light work.  Claimant can lift 20 pounds occasionally, and 10 pounds frequently, with her dominant (right) arm using her non-dominant (left) arm to assist.  Claimant can make postural changes at will." (Admin. R. 241.)  This RFC constitutes "light" level work. 20 C.F.R.§ 416.967(b).

At step four, the ALJ found that the claimant had no past relevant work.  At step five, the ALJ found that Ms. Kleinschmit's RFC did not preclude her from performing a significant number of jobs in the national economy, in occupations such as booth cashier, surveillance monitor, cleaner/polisher, and inspector. (Admin. R. 244.)  The ALJ solicited testimony from a

PAGE 3 - OPINION AND ORDER

vocational expert ("VE") who confirmed Ms. Kleinschmit could perform such work.  (Admin. R. 292-94.)  Accordingly, the ALJ determined that Ms. Kleinschmit was not entitled to SSI.  (Admin. R. 245.)

## DISCUSSION

**I.    RFC Assessment**

Ms. Kleinschmit contends the ALJ improperly assessed her RFC because he (1) discredited the lay witness testimony, (2) failed to provide clear and convincing reasons for not fully crediting her own testimony, (3) failed to include all of her functional limitations in the RFC, and (4) disregarded medical evidence.  I will discuss each of these issues in turn.

**A.    Lay Witness Testimony**

Ms. Kleinschmit contends the ALJ erred in his refusal to allow her mother, Tammie Davis, to answer questions pertaining to Ms. Kleinschmit's hip impairment during the August 2006 disability hearing.  "[F]amily members in a position to observe a claimant's symptoms and daily activities are competent to testify as to her condition.  Disregard of this evidence violates the Secretary's regulation that he will consider observations by non-medical sources as to how an impairment affects a claimant's ability to work." *Dodrill v. Shalala*, 12 F. 3d 915, 918-19 (9th Cir. 1993) (citation omitted).  Further, "[i]f the ALJ wishes to discount the testimony of the lay witnesses, he must give reasons that are germane to each witness." *Id.* at 919.  However, "medical diagnoses are beyond the competence of lay witnesses and therefore do not constitute competent evidence." *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996).

The ALJ properly rejected the testimony of Ms. Davis regarding Ms. Kleinschmit's hip impairment.  Ms. Kleinschmit claims that the ALJ violated *Dodrill* when he prohibited Ms.

PAGE 4 - OPINION AND ORDER

Davis from responding to Ms. Kleinschmit's attorney during the August 2006 hearing when he asked, "What is it about [Ms. Kleinschmit's] hips . . . that affect her ability to work?" (Admin. R. 290.) Because of the phrasing of the question, Ms. Kleinschmit's attorney was actually asking the witness to make a medical diagnosis, which differs from testimony related to how a particular impairment affects a claimant's ability to work. When he rejected this testimony, the ALJ stated that he refused to hear the answer because he already had a medical diagnosis for the plaintiff's hips. (Admin. R. 290.) The ALJ also met his burden of providing reasons "germane to [the] witness" in rejecting the testimony. *Dodrill*, 12 F. 3d at 919.

**B.     The ALJ's Credibility Determination**

Ms. Kleinschmit argues that the ALJ failed to articulate clear and convincing reasons for finding her statements concerning the intensity, persistence, and limiting effects of her symptoms not entirely credible. "Credibility determinations are the province of the ALJ." *Fair v. Bowen*, 885 F.2d 597, 604 (9th Cir. 1989). Once a claimant establishes the existence of a severe impairment and a causal link between that impairment and some symptoms, and there is no evidence of malingering, in order to reject a claimant's subjective claims, the ALJ must provide clear and convincing reasons supported by substantial evidence. *See Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). In determining credibility, the ALJ may consider ordinary techniques of credibility evaluation, such as the claimant's reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony that appears less than candid; the claimant's daily activities, and medical evidence tending to discount the severity of subjective claims. *See Smolen v. Chater*, 80 F.3d 1273, 1283-84 (9th Cir. 1996).

The ALJ provided numerous examples of inconsistent statements made by Ms. Kleinschmit and discrepancies between Ms. Kleinschmit's subjective statements about her condition and her demonstrated abilities. (Admin. R. 241-42.) For example, the ALJ noted that Ms. Kleinschmit failed to report on her 2001 Work History Report that she had held a job the previous summer at a geriatric home that involved "a fair amount of walking and some lifting of the patients." (Admin. R. 242.) Additionally, he noted numerous other inconsistencies between her activities and statements concerning the intensity of her symptoms. *Id.* Accordingly, the ALJ provided clear and convincing reasons supported by substantial evidence to find Ms. Kleinschmit not entirely credible.

## C. Consideration of Functional Limitations

Ms. Kleinschmit argues that the ALJ failed to consider functional limitations related to her lumbar lordosis or pain in formulating the RFC. A claimant's RFC is an "assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis." SSR 96-8p, 1996 WL 374184 (July 2, 1996). In assessing a claimant's RFC, the ALJ must consider the whole record and explain how he weighs the medical evidence and testimony. SSR 96-5p, 1996 WL 374183 (July 2, 1996). Ms. Kleinschmit argues that because the ALJ formulated a "less restrictive" RFC in his 2006 decision than he did in his earlier decision in 2003, in which her lumbar lordosis was not considered a severe impairment, he failed to properly consider the functional limitations related to that impairment in the 2006 RFC.

I reject this argument for two reasons. First, I do not agree that the 2006 RFC was "less

PAGE 6 - OPINION AND ORDER

restrictive" than the 2003 RFC. The only difference between the two was that in 2003 the requirement for "normal breaks" was explicitly stated, whereas in 2006 it was implied. Second, even if the 2006 RFC actually was less restrictive than the 2003 RFC, it would not follow that the ALJ failed to consider functional limitations related to Ms. Kleinschmit's lumbar lordosis in formulating the 2006 RFC. Many additional factors, including new medical evidence and testimony by the plaintiff, were considered in the development of the 2006 RFC that were not considered in the 2003 opinion. Any differences or similarities between the RFCs were the result of numerous considerations and cannot be attributed one particular factor. There is no reason to believe the ALJ failed to consider the functional limitations related to Ms. Kleinschmit's lumbar lordosis in his RFC determination.

Ms. Kleinschmit also argues that the ALJ failed to account for functional limitations related to her pain in formulating the RFC. SSR 96-8p states: "The RFC assessment considers only functional limitations and restrictions that result from an individual's medically determinable impairment or combination of impairments, including the impact of any related symptoms." RFC limitations must be supported by medical and other evidence of record. 20 C.F.R. §§ 404.1545(a), 416.945(a). The analysis must also account for any pain testimony unless the ALJ appropriately finds the claimant not credible. *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996); 20 C.F.R. §§ 404.1545(a), 416.945(a). As discussed above, the ALJ provided clear and convincing reasons for finding Ms. Kleinschmit not entirely credible, so his exclusion of such information from the RFC formulation was appropriate.

PAGE 7 - OPINION AND ORDER

### D. Consideration of Medical Evidence

Ms. Kleinschmit asserts that the ALJ erred in disregarding the opinions of her treating physicians, Dr. Aiona and Dr. Khan, and the RFC assessment of non-examining physician Dr. Kehrli, in determining her RFC. "As a general rule, more weight should be given to the opinion of a treating source than to the opinion of doctors who do not treat the claimant." *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1993) (citing *Winans v. Bowen,* 853 F.2d 643, 647 (9th Cir. 1987)). Further, "where the treating doctor's opinion is not contradicted by another doctor, it may be rejected only for 'clear and convincing' reasons" supported by substantial evidence. *Id.* (quoting *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991)). "Even if the treating doctor's opinion is contradicted by another doctor, the Commissioner may not reject this opinion without providing 'specific and legitimate reasons' supported by substantial evidence in the record for so doing." *Id.* (quoting *Murray v. Heckler,* 722 F.2d 499, 502 (9th Cir. 1983)).

The ALJ rejected the opinions of treating physicians Drs. Aiona and Kahn, which were contradicted by Dr. Westfall, a nonexamining physician. He also rejected the opinion of nonexamining physician Dr. Kehrli because it was based upon Dr. Aiona's opinion. Because the treating physicians' opinions were contradicted by another doctor, the ALJ had the burden of providing "specific and legitimate reasons supported by substantial evidence in the record" for rejecting them. *Lester*, 81 F.3d at 830. For reasons discussed below, the ALJ met this burden in rejecting the opinion of Dr. Kahn, but failed to provide specific and legitimate reasons supported by substantial evidence for rejecting the opinion of Dr. Aiona.

**(I)    Dr. Kahn**

Dr. Kahn evaluated Ms. Kleinschmit in September 2000 and recommended that she refrain from doing any work requiring lifting or performing upper extremity activities. (Admin. R. 171.) The ALJ based his rejection of Dr. Kahn's opinion on the contradictory opinion of Dr. Westfall, a nonexamining physician who completed a RFC assessment for Ms. Kleinschmit in 2001. (Admin. R. 163-68.) In this assessment, Dr. Westfall concluded that Ms. Kleinschmit could lift twenty pounds occasionally and ten pounds frequently, which contradicted Dr. Kahn's opinion that Ms. Kleinschmit not lift at all. *Id*.

The ALJ properly rejected Dr. Kahn's opinion in favor of Dr. Westfall's recommendation because he provided "specific and legitimate reasons supported by substantial evidence in the record" for so doing. *Lester*, 81 F.3d at 830. The ALJ stated that he favored Dr. Westfall's opinion over Dr. Kahn's because Dr. Westfall based her opinion on Ms. Kleinschmit's most recent physical exam report, which was conducted in July 2001, nearly a year after Dr. Kahn's examination. (Admin. R. 242.) Dr. Westfall concluded that the report, which documented a full range of motion and intact neurovascular status in both of Ms. Kleinschmit's upper extremities, was inconsistent with Dr. Kahn's opinion. (Admin. R. 168.) "Over time, there may . . . be medical signs or laboratory findings that . . . demonstrate worsening or improvement of the underlying medical condition" that an adjudicator should take into consideration. SSR 96-7p, 1996 WL 374186 (July 2, 1996). The ALJ's reliance on Dr. Westfall's assessment, which was based upon more recent medical evidence than Dr. Kahn's examination, constituted a "specific and legitimate" reason for rejecting Dr. Kahn's opinion that was supported by substantial evidence in the record.

PAGE 9 - OPINION AND ORDER

### (ii) Dr. Aiona

Dr. Aiona, a Shriner's Hospital physician who treated Ms. Kleinschmit over the course of several years, completed an RFC assessment for Ms. Kleinschmit in 2002. (Admin. R. 181-87.) In this assessment, he recommended that Ms. Kleinschmit's RFC include the following restrictions: lifting a maximum of five to ten pounds occasionally and one to five pounds frequently, walking or standing four hours in a day, and sitting eight hours in a day. *Id*. In 2003, he also recommended that Ms. Kleinschmit would need to take additional breaks during the day. (Admin. R. 196.) The ALJ provided two reasons for rejecting Dr. Aiona's opinion: (1) Dr. Aiona's recommendation in 2003 that Ms. Kleinschmit need additional breaks was "vague and inconsistent with his [2002] opinion" (Admin. R. 242); and (2) Dr. Aiona relied partially upon Ms. Kleinschmit's subjective complaints about her symptoms in making his recommendation. (Admin. R. 243.) Because Dr. Aiona is a treating physician and his opinion was contradicted by Dr. Westfall, the ALJ had the burden of providing "specific and legitimate reasons supported by substantial evidence in the record" for disregarding his opinion. *Lester*, 81 F.3d at 830. The ALJ failed to meet this burden because neither of his reasons for disregarding Dr. Aiona's opinion were legitimate.

First, the inconsistency between Dr. Aiona's 2002 and 2003 recommendations about breaks was not a "legitimate reason" for rejecting Dr. Aiona's opinion in its entirety. The RFC assessment Dr. Aiona completed in 2002 contained a fill-in-the-blank field asking for his opinion about Ms. Kleinschmit's sitting and standing abilities, "with normal breaks." (Admin. R. 181.) A doctor just filling in the blanks, as most doctors presumably do, would have had no occasion to

render any opinion about the length or frequency of breaks.  In 2003, Dr. Aiona also recommended that "[Ms. Kleinschmit] could do a 40-hour work week, but she would need to take breaks more often than once in the morning for 15 minutes, once at noon for an hour, and once in the afternoon for 15 minutes."  (Admin. R. 196.)  The ALJ relies extensively on this rather tenuous allegation of inconsistency between these statements in rejecting the entirety of Dr. Aiona's opinion, rather than only discrediting his 2003 statement about breaks.  He states: "Dr. Aiona does not give an opinion as to how many morning breaks claimant would need, nor why she would need additional breaks in the morning and not in the afternoon, and why this differs from his previous RFC which is based on normal breaks." (Admin. R. 242.)

Although "an ALJ need not accept the opinion of a doctor if that opinion is brief, conclusory, and inadequately supported by clinical findings," Dr. Aiona's opinion as a whole was none of these things.  *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005).  On the contrary, not only had Dr. Aiona treated Ms. Kleinschmit for more than three years, he also based his opinion on over a decade's worth of Shriner's Hospital medical records about her conditions. (Admin. R. 196-99.)  Although his particular statement about Ms. Kleinschmit's need for additional breaks may have been inadequately explained, such a reason is not a legitimate reason for discrediting the entirety of his opinion, which was supported by objective medical evidence.  The ALJ had a specific and legitimate reason for rejecting *only* the portion of Dr. Aiona's opinion relating to additional breaks, rather than using this ambiguity to discredit his entire opinion.

The ALJ also discredited Dr. Aiona's opinion because it was based upon both objective medical evidence and the claimant's subjective statements about pain.  (Admin. R. 242.)  The ALJ stated: "[Dr. Aiona] did note that, while objective x-rays showed arthritic changes associated

PAGE 11 - OPINION AND ORDER

with MGD, 'her complaints of pain regarding amount of activity can only be measured and corroborated by [claimant's] history.'" (Admin. R. 242.) When a treating physician's opinion is "premised upon" a claimant's subjective complaints, and the claimant has been properly discredited, an ALJ's rejection of that treating physician's opinion is proper. *See Fair*, 885 F.2d at 605. In *Tonapetyan v. Halter*, 242 F.3d 1144 (9th Cir. 2001), the Ninth Circuit held that a treating physician's opinion was "premised upon" a claimant's subjective complaints when the physician relied "*only* on [the claimant's] subjective complaints and on testing within [the claimant's] control" to form his opinion. *Id*. at 1149 (emphasis added). Additionally, the Ninth Circuit recently held that the rejection of a treating physician's opinion that was based upon *both* a claimant's subjective complaints and objective medical evidence was improper, even when the claimant had been properly discredited. *See Wakefield v. Astrue*, No. 06-35137 (9th Cir. filed Feb. 22, 2008).

The ALJ improperly rejected Dr. Aiona's opinion because Dr. Aiona's opinion was based upon both subjective and objective factors, and was not "premised upon" Ms. Kleinschmit's subjective complaints. *See Tonapetyan*, 242 F.3d at 1149. On the contrary, as in *Wakefield*, "the record is clear that [the treating physician] relied upon multiple objective factors in reaching his conclusions in the RFC Questionnaire that he completed." *Wakefield*, No. 06-35137 (9th Cir. filed Feb. 22, 2008). In addition to Ms. Kleinschmit's subjective complaints, Dr. Aiona relied on X-ray results, examination observations, and range of motion tests conducted over the course of several years in formulating his opinion. (Admin. R. 181-99.) Thus, although the ALJ found Ms. Kleinschmit not entirely credible, his rejection of Dr. Aiona's opinion on the basis that it

PAGE 12 - OPINION AND ORDER

relied partially upon her subjective complaints did not constitute a "legitimate reason" for rejecting Dr. Aiona's opinion.

### (iii) Dr. Kerhli

In May 2002, Dr. Kehrli completed an RFC assessment that concluded that Ms. Kleinschmit was capable of sedentary work with a limitation on certain postural positions. (Admin. R. 183-87.) He also recommended that Ms. Kleinschmit lift no more than ten pounds occasionally and less than ten pounds frequently. The ALJ rejected Dr. Kehrli's opinion because he relied upon Dr. Aiona's findings in completing his assessment. (Admin. R. 243.) However, because the ALJ erred in rejecting Dr. Aiona's opinion, he also improperly disregarded Dr. Kehrli's assessment.

## II.     The ALJ's Step Five Finding

Ms. Kleinschmit contends that the ALJ erred at step five of the sequential evaluation process in determining whether there are jobs that exist in significant numbers in the national economy that she could perform. I decline to address these issues because I have already concluded that the ALJ improperly formulated Ms. Kleinschmit's RFC; therefore the step five finding based upon this RFC was also flawed and must be reevaluated upon remand.

## III.    Crediting as True and Remand

Whether wrongly treated evidence should be credited as true and whether remand for an immediate award of benefits is warranted are two closely linked yet separate inquiries. *Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004); *Harman v. Apfel*, 211 F.3d 1172, 1178-80 (9th

PAGE 13 - OPINION AND ORDER

Cir. 2000). Where an ALJ committed legal error in disregarding evidence and that evidence is credited as true, remand for further administrative proceedings is appropriate to remedy defects or if enhancement of the record would be useful; conversely, where the record has been developed fully and further administrative proceedings would serve no useful purpose, the district court should remand for an immediate award of benefits. *See Harman*, 211 F.3d at 1178-80; *see also Lester*, 81 F.3d at 834.

As noted above, the Commissioner improperly rejected the opinions of Drs. Aiona and Kherli. As such, I credit this evidence as true. *Lester*, 81 F.3d at 834. However, crediting this evidence as true does not establish, by itself, that Ms. Kleinschmit is disabled within the meaning of the Social Security Act. While the credited evidence underscores much of the objective medical evidence that Ms. Kleinschmit should perform sedentary, rather than light work, should lift no more than ten pounds occasionally and five pounds frequently, and should be able to change positions during the day, it is unclear what effect this credited evidence will have on her RFC assessment and her ability to perform work existing in the national economy. On remand, the ALJ is ordered, in light of the credited evidence, to reassess Ms. Kleinschmit's RFC and proceed to step five with the assistance of a VE.

## CONCLUSION

The Commissioner's final decision that Ms. Kleinschmit is not entitled to SSI under Title XVI of the Social Security Act is REVERSED, and the case is REMANDED FOR FURTHER

ADMINISTRATIVE PROCEEDINGS not inconsistent with this opinion pursuant to sentence four of 42 U.S.C. § 405(g).

IT IS SO ORDERED.

DATED this  19th  day of March, 2008.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Court